IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LASHON M. ROPER,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-0972 |
| | : | |
| **CARTER'S PRO QUALITY** | : | |
| **CLEANING, LLC,** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**HODGE, J.**                                                                                       **MARCH 27, 2024**

Plaintiff Lashon M. Roper ("Plaintiff" or "Roper") initiated this *pro se* civil action alleging claims of employment discrimination. Roper also filed a motion to proceed *in forma pauperis*, as well as a motion for appointment of counsel. For the following reasons, the Court will grant Roper leave to proceed *in forma pauperis*, dismiss the Complaint without prejudice to Roper filing an amended complaint, and deny Plaintiff's request for appointment of counsel.

**I.    FACTUAL ALLEGATIONS**[1]

Roper used the Court's form complaint for alleging employment discrimination to plead the instant claims. (*See* Compl. at 4-11.) Named as Defendants are Carter's Pro Quality Cleaning, LLC and Nicholas Carter. (*See* Compl. at 3, 6.) By checking the appropriate locations on the form Complaint, Roper brings claims for employment discrimination on the basis of race and gender/sex pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). (Compl. at 7, 9.) Roper also provides birthdate information, which could indicate the intent to bring a claim of age

---

[1] The following allegations are taken from the Complaint and documents attached to the Complaint. The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), but Roper did not check the box to include this as a basis for the claims. (*See id.* at 7, 9.)

The Complaint alleges that Roper no longer wanted to work for Carter's Pro Quality Cleaning because of the pay, and informed the supervisor, Nick, of this on January 25, 2023. (*Id.* at 9.) As alleged, Nick responded with profanity. (*Id.*) Roper alleges feelings of being mentally abused, ridiculed, harassed, and falsely accused of lying about their hourly rate. (*Id.*) According to the Complaint, Nick discriminated against Roper when Nick stated that he was "tired of hiring people like [Plaintiff]." (*Id.*)

As relief, Roper selected the "Other" option on the form Complaint and specified that "Pay" is the relief sought. (*See id.* at 9.) It is unclear whether Roper's employment was terminated, as Roper also indicated on the form Complaint that the named Defendant(s) continues to commit the acts of discrimination against Roper. (*See id.*) Roper attached to the Complaint a copy of the Notice of Right to Sue Letter that they received on December 7, 2023, from the Equal Employment Opportunity Commission. (*Id.* at 1-2, 10.)

## II.   STANDARD OF REVIEW

Because Roper appears to be unable to pay the filing fee in this matter, the Court grants Roper leave to proceed *in forma pauperis*. Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). To state an employment discrimination claim, as with any other claim, a plaintiff must

"put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations omitted).

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). This requires the Court to remain flexible, especially considering a litigant's *pro se* status. *Id.* The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant also "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.*

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III.   DISCUSSION

Federal law "proscribe[s] discrimination in employment based on several personal characteristics" specifically, race, color, religion, sex, national origin, and age. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing, *inter alia*, 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623); *see also Fowler v. AT&T, Inc.*, 19 F.4th 292, 298 (3d Cir. 2021) (claims under the ADEA align with claims under Title VII). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that plaintiff: (1) is a member of a protected class; (2) was qualified for the position in question; (3) suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).[2] A plaintiff claiming a hostile work environment based on regular and pervasive harassment must likewise establish that any harassment was due to membership in a protected class. *Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x 246, 249 (3d Cir. 2012) (*per curiam*) (citing *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)). Indeed, "Title VII imposes no general civility code" as it "does not reach the ordinary tribulations of the workplace, for example, sporadic use of abusive language or generally boorish conduct." *Vance v. Ball State Univ.*, 570 U.S. 421, 452 (2013) (internal quotations omitted). Although a plaintiff need not allege a *prima facie* case to state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021).

---

[2] The ADEA prohibits discrimination against individuals who are over forty years of age. *See* 29 U.S.C. § 631(a); *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015). Because the Complaint indicates that Roper is over forty years of age, the Court will liberally construe the Complaint to include an age discrimination claim.

Roper's pleading in its current form is conclusory and falls short of providing sufficient factual allegations to state plausible claims. Although Roper used the court's standard form complaint, it is unclear what claims Roper presents against Carter's Pro Quality Cleaning.[3] Plaintiff checked boxes on the form complaint to indicate the claims are asserted on the basis of race and gender/sex discrimination, and perhaps also seeks to assert an age claim, but only alleges that the supervisor responded with profanity after Roper informed him that Roper no longer wanted to work there because of the pay. (*See* Compl. at 9.) Roper also alleges feeling "mentally abused," "ridiculed," "harassed," and "falsely accused of lying," and that Nick stated that he was "tired of hiring people like [plaintiff]." (*Id.*) However, Roper does not provide sufficient specific facts to support these assertions of discrimination, and fails to provide specific facts tending to show discrimination based on Roper's membership in a protected class. While the statement allegedly made by Roper's supervisor that he is "tired of hiring people like [Plaintiff]" implies animus based on a classification or category, the Complaint fails to provide necessary supporting factual information to infer prohibited employment discrimination against a protected class.

Having reviewed Roper's submission in its entirety and construing the allegations in the Complaint liberally, the circumstances of the alleged discrimination are unclear. Absent any factual allegations explaining the discriminatory conduct and how that conduct was motivated by

---

[3] There is no basis for a claim against Nicholas Carter as an individual because the federal statutes under which Roper brings their claims do not provide a basis for liability against individual defendants, and because Roper has failed to allege a plausible basis for an employment discrimination claim for the reasons discussed below. *See Parikh v. UPS*, 491 F. App'x 303, 308 (3d Cir. 2012) (*per curiam*) ("Neither Title VII nor the ADEA provides for individual liability."); *Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n.29 (3d Cir. 2006) ("Hill did not bring an ADEA claim against Mayor Marino himself, nor could he have because the ADEA does not provide for individual liability."); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) ("[W]e are persuaded that Congress did not intend to hold individual employees liable under Title VII.").

Roper's race, color, religion, sex, or age, the Complaint cannot support plausible claims under Title VII or the ADEA. *See, e.g., Favors v. Sec'y United States Dep't of Veterans Affs.*, 695 F. App'x 42, 44 (3d Cir. 2017) (*per curiam*) (affirming dismissal of Title VII race discrimination claim where plaintiff "included no allegations whatsoever linking their termination to their race"); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (*per curiam*) (affirming dismissal of complaint where plaintiff failed to provide details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to).

Additionally, because Roper did not include factual support for their allegations, the Complaint fails to provide fair notice to Carter's Pro Quality Cleaning of the grounds upon which the claims rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Roper leave to proceed *in forma pauperis*, and dismiss the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with the Federal Rules of Civil Procedure. Roper will be permitted the opportunity to file an amended complaint to "flesh out [the] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [the] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Additionally, Roper's request for appointment of counsel will be denied without prejudice as premature. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether

appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate order follows, which contains additional instructions as to amendment.

BY THE COURT:

/s/ Hon. Kelley B. Hodge

**HODGE, KELLEY B., J.**